UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| D.C. and S.C., individually and o/b/o J.C., ) <br> ) <br>        Plaintiffs       ) <br> ) <br> v.       ) <br> ) <br> LEWISTON SCHOOL DEPARTMENT,  ) <br> ) <br>        Defendant       ) | No. 2:15-cv-279-NT |

*MEMORANDUM DECISION ON MOTIONS TO PRESENT ADDITIONAL EVIDENCE*

Both sides in this dispute arising under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, seek leave to add evidence to the administrative record that is currently before the court. Plaintiffs' Motion to Permit Presentation of Additional Evidence ("Plaintiffs' Motion") (ECF No. 13); Defendant Lewiston School Department's Motion to Permit Presentation of Additional Evidence ("Defendant's Motion") (ECF No. 15). I deny the plaintiffs' motion and grant that of the defendant, for a limited purpose.

## I.   Applicable Legal Standard

This action is brought pursuant to 20 U.S.C. § 1415, which provides, in relevant part, that a party aggrieved by the decision of a hearing officer with respect to the free public education provided to a disabled child may bring an action in federal court in which the court "shall hear additional evidence at the request of a party[.]" 20 U.S.C. § 1415(i)(2)(C). The First Circuit has interpreted this statutory language to require a reviewing court to grant a party leave to present additional evidence only when that party presents "solid justification" for such supplementation of the record. *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1st Cir. 1990). It has elaborated:

> As a means of assuring that the administrative process is accorded its due weight and that judicial review does not become a trial *de novo*, thereby rendering the administrative hearing nugatory, a party seeking to introduce additional evidence at the district court level must provide some sold justification for doing so. To determine whether this burden has been satisfied, judicial inquiry begins with the administrative record. A district court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources.

*Id*. (citation and internal punctuation omitted).

The First Circuit has observed:

> The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

*Town of Burlington v. Department of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984), *aff'd*, 471 U.S. 359 (1985).

## II.     Factual Background

On May 14, 2015, the plaintiff parents filed a request for a due process hearing on behalf of J.C. Administrative Record ("Record"), Vol. IV at 789. The issue was whether J.C. was subjected to a change in placement within the meaning of 34 C.F.R. § 300.356 and in violation of 34 C.F.R. §§ 300.530 and 300.531. *Id*. at 791. A due process hearing was held on June 9 and 10, 2015. *Id.* at 789. Six witnesses testified at the hearing. *Id*.

By decision dated June 29, 2015,[1] the hearing officer ruled that J.C. had not been subject to a change in placement within the meaning of 34 C.F.R. § 300.536 nor in violation of 34 C.F.R. §§ 300.530 or 300.351. *Id*. at 806.

### III.   Discussion

### A.  The Plaintiffs' Motion

The plaintiffs seek to supplement the record with the Declaration of D.C. (ECF No. 13-1) and one exhibit attached to that declaration (ECF No. 13-2). Plaintiffs' Motion at [2]. They contend that this evidence "was improperly excluded from the administrative record[,]" *id*. at [1], with the exception of the tenth and final paragraph of the declaration, which is new. *Id*. at [2] n.1. That paragraph, they assert, "merely seeks to ensure that the record is complete and reflects that the Student's challenged change of placement began on March 27, 2015 and continued through the end of the 2014-2015 school year, which concluded not long after the administrative hearing took place." *Id*.

The defendant responds that the proffered evidence was properly excluded by the hearing officer, is not relevant, and is not admissible under the Federal Rules of Evidence. Defendant Lewiston School Department's Objection to Plaintiffs' Motion to Permit Presentation of Additional Evidence ("Defendant's Opposition") (ECF No. 14) at 1. Specifically, it asserts that paragraphs 1 through 9 of the declaration are cumulative of D.C.'s testimony at the hearing. *Id*. at 7. A comparison of the hearing transcript and the declaration shows that this is partially correct.

The first two paragraphs of the declaration identify the declarant and state her reason for submitting the declaration. Declaration of D.C. ¶¶ 1-2. The third and fourth paragraphs provide background information about a document that is attached to the declaration as Exhibit A that is

---

[1] The decision is dated June 29, 2016, an obvious typographical error.

already part of the administrative record. *Id*. ¶¶ 3-4. D.C. testified about these facts at hearing. Record at 845-46. Paragraphs 5 to 9 describe a meeting held on June 2, 2015, by the IEP (Individualized Education Program) team concerned with D.C.'s son at his Lewiston school. D.C. testified about the facts stated in the first sentence of Paragraph 7 at the hearing. *Id.* The defendant does not dispute the second sentence of Paragraph 7. Defendant's Opposition at 7. The substance of Paragraphs 5-6 and 8-9 is not included in the testimony cited by the defendant. Nor does any of this testimony make it "more probable that [D.C.] objected to the removal [of J.C. from his classroom] and never agreed to the removal in the first place." Plaintiffs' Motion at [5].

More important, however, is the fact that the defendant's point about relevance is well taken. Whether D.C. objected to the removal or agreed to it makes no difference for the resolution of the issue presented to the hearing officer by agreement of the parties: "Was the Student subjected to a change in placement within the meaning of 34 C.F.R. [§] 300.536 and in violation of 34 C.F.R. [§§] 300.530 and 300.531?" Record IV at 791. The standard to be applied by this court when the appeal is heard on the merits does not allow it to entertain a broader issue. Rather, the court "must evaluate the hearing officer's decision more vigorously than deferentially, but less vigorously than de novo." *Sanford Sch. Comm. v. Mr. & Mrs. L.,* No. CIV.00-CV113PH, 2001 WL 103544, at *3 (D. Me Feb. 1, 2001).

The same lack of relevance is present in the plaintiffs' assertion that this evidence would tend to show that "the removal lasted over 10 days[,]" Plaintiffs' Motion at [5], because the defendant has conceded that "if this Court finds the placement was a disciplinary removal, the removal would have exceed[ed] 10 days long before the June 2nd IEP meeting." Defendant's Opposition at 8. The passage of more than 10 days at the relevant time will be evident from the record itself.

4

The only other specific argument in favor of adding this evidence to the record proffered by the plaintiffs is that "Defendant has argued that the removal was not a change of placement because the parent agreed to the removal from the classroom and provision of tutoring services[,]" which they dispute.  Plaintiffs' Motion at [5].  There is sufficient evidence in the existing record to allow the plaintiffs to make this argument in full.  This contention, like those already discussed, does not provide the "solid justification" required by *Roland M.*[2]

### B.  The Defendant's Motion

The defendant seeks to add evidence of two meetings of J.C.'s IEP team that took place after the administrative hearing that gives rise to this action.  Defendant Lewiston School Department's Motion to Permit Presentation of Additional Evidence ("Defendant's Motion") (ECF No. 15) at [2]-[3], [4].  Specifically, it seek to add "the Student's 2015-2016 IEP and the Written Notices from the August 11, 2015 and October 19, 2015 IEP meetings."  *Id*. at [4].  The plaintiffs object, first contending that the proffered evidence is not properly authenticated, and then that it is irrelevant.  They also argue that, if the motion is granted, they are entitled to conduct discovery or to cross-examine the "defendant's witness or witnesses" in this proceeding.  Plaintiffs' Objection to Defendant's Motion to Permit Presentation of Additional Evidence ("Plaintiffs' Opposition") (ECF No. 19) at 6.

The only authority cited by the plaintiffs to support their argument that documents that a party seeks to add to an IDEA record must be authenticated by sworn testimony deals with motions for summary judgment, Plaintiffs' Opposition at 2-3, which, contrary to their unsupported assertion, is not necessarily "appropriate for a case on the IDEA Management Track[.]"  *Id*. at 2.  I see nothing in the transcript of the administrative hearing to indicate that such a requirement was

---

[2] In addressing the plaintiffs' motion, I have not considered the Declaration of Jill Hastings (ECF No. 14-1) filed by the defendant.

applied to the documents already part of the administrative record. The plaintiffs do not offer any suggestion that the proffered documents are not what they appear to be. They cannot prevail on the basis of this argument.

The plaintiffs' relevance argument carries more weight. At first glance, it appears logical that events transpiring after the administrative hearing would have little or no bearing on the decision made by the defendant as a result of that hearing. However, evidence concerning "relevant events subsequent to the administrative hearing" is expressly allowed under *Roland M.* The defendant contends that these documents "directly contradict[] Plaintiffs' main argument that the April 2nd placement was a disciplinary removal." Defendant Lewiston School Department's Reply in Support of Its Motion to Permit Presentation of Additional Evidence ("Defendant's Reply") (ECF No. 20) at [2].

I disagree. The fact that J.C. was later placed educationally at the same facility in which he was placed in what his parents contend was a disciplinary placement does not necessarily show that the earlier placement also was educational. This court has in the past granted motions to supplement IDEA records with subsequently-generated documents, *e.g., C.G. v. Five Town Comty. Sch. Dist.*, 436 F.Supp.2d 181, 186 (D. Me. 2006); *Mr. & Mrs. I. v. Maine Sch. Admin. Dist. No. 55*, No. Civ. 04-165-P-H, 2004 WL 2397402, at *3 (D. Me. Oct. 27, 2004), but the relevance of proffered additional evidence must be evaluated on a case-by-case basis.

The defendant asserts that the documents that it seeks to add to the record show that, after the administrative hearing, J.C.'s IEP team placed him at the Renaissance School, making it more likely that his earlier placement there, the subject of this appeal, was an educational rather than a disciplinary action. Defendant's Motion at [3]. It also contends that this evidence will demonstrate

that consideration of a student's behaviors by an IEP team does not convert an educational placement into a disciplinary removal. *Id*. at [4].

As to the latter argument, the defendant should be able to make this point by citation to case law. All that would be established in this case is that J.C.'s IEP team considered his behaviors when making an educational placement. It does not necessarily mean that the later placement could not be attacked as disciplinary rather than educational. That evidence cannot stand for the general principle posited by the defendant.

The first argument, however, carries the day. While the fact of the later placement is not dispositive of the question presented by this appeal, it does bear on the possible nature of the initial placement. The defendant's motion should be granted and the proffered documents considered only for this purpose.

This conclusion makes it necessary to consider the plaintiffs' request to "develop the record" regarding the two IEP meetings that are the subjects of the proffered documents. They seek to "cross examine Defendant's witness or witnesses[,]" Plaintiffs' Opposition at 6, but, so far as I can determine, the defendant has only asked to add three specific documents to the record. The plaintiffs next asserts that they "will likely need to obtain testimony from an administrator at the Renaissance School to discuss the substantial differences between the tutoring program at issue in April, and the day treatment program that was part of subsequent placement decisions." *Id*. However, the opposition includes two footnotes that cite evidence already in this record that makes this distinction. *Id*. at 6 n.18 & 9 n.30. The plaintiffs' submission does not establish that live testimony, or even an affidavit, is necessary to make their desired point. I decline to grant this request, on the showing made.

7

### IV.     Conclusion

For the foregoing reasons, the plaintiffs' motion to add evidence to the administrative record is **DENIED**, and the defendant's motion to present additional evidence is **GRANTED**, for the limited purpose described above.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 17th day of June, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge